UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| O.V. MILLS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 8-315-GFVT |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| JOHN MOTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the pro se Petition for Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254 filed by O.V. Mills. Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier for initial screening and preparation of a report and recommendation. Judge Wier filed his Recommended Disposition [R. 23] on November 15, 2010. Therein, he recommends that Mills' petition be denied because the Kentucky courts did not unreasonably apply federal law when adjudicating his ineffective assistance of counsel claims. [*Id.*]

Mills filed timely objections to the Recommended Disposition. [R. 24]. Therein, Mills specifically objected to Judge Wier's findings on three grounds. First, Mills argues that his trial counsel's decision to not seek a lesser included jury instruction was deficient under *Strickland v. Washington*. 466 U.S. 668 (1984). Second, Mills argues that trial counsel failed to satisfy a duty to inform and consult with his client concerning the "important decision" of whether to seek a

1

lesser included offense instruction, and that this failure to instruct also amounts to ineffective assistance of counsel. Mills' final objection is that Judge Wier reached an erroneous conclusion when he determined that this case does not warrant the issuance of a certificate of appealability.

Those objections trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Petitioner's objections will be overruled.

## I.

Judge Wier's Recommended Disposition accurately sets out the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court supplements in its discussion below, the Court has nothing to add and therefore incorporates his discussion of the record and the standard of review into this order.

## II.

Mills was convicted in 1998 of wanton murder and first-degree robbery in Knox County, Kentucky. At trial, Mills pursued an innocence defense and blamed the murder and robbery entirely on his co-defendant. Mills' counsel did not seek a lesser-included-offense jury instruction for second-degree manslaughter that may have been appropriate given the evidence. It is this decision to not seek the instruction that Mills challenges as ineffective assistance of counsel.

Under *Strickland v. Washington*, one seeking to prove ineffective assistance of counsel must prove two occurrences: deficient performance and prejudice. 466 U.S. at 687-88. Mills' specific objection goes to the deficient performance prong. The Knox Circuit Court conducted

an evidentiary hearing on this exact question, considered Mills' argument that "the failure to request the lesser included instruction was based on trial counsel's misunderstanding of the law, and was not based on trial strategy," and rejected said argument. [R. 8-4 at 19-20]. That court found that it was indeed a strategic decision based on trial counsel's testimony that the entire theory was that Mills did not actually kill the victim. Thus, the request of a jury instruction that allowed the jury to find that Mills had killed the victim, albeit to a lower degree of culpability, would undermine the theory. It is appropriate to state, then, that Mills was effectively pursuing an "all or nothing" strategy. This has been upheld as a valid strategy that, when implemented, does not violate *Strickland*. *Tinsley v. Million*, 399 F.3d 796, 808 ("[I]t was a permissible exercise of trial strategy not to request these instructions given that [counsel's] primary line of defense was that [the defendant] was not the shooter").

Mills argues that counsel did not forgo the instruction as part of a broader strategy but instead, that he did not ask for it because he mistakenly thought it could not be gotten. Mills argument is fairly characterized as an "unreasonable application of clearly established federal law" challenge under 28 U.S.C. § 2254(d). It attacks the state courts' determination that counsel did in fact make a permissible strategic decision under *Strickland*. The Supreme Court has stated that, "[f]or purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (internal citation omitted). Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 786.

When reviewing the state courts' decision, it is plain that it rises, at the very least, to the low bar required by the standard. Mills latches onto counsel's statement in the hearing that if he thought the instruction was warranted, then he "would have requested it." [*See* R. 24 at 3]. While one interpretation of this statement is that counsel was unaware that the instruction may have been available legally, when it is read in the broader context of the entire hearing, the statement is more easily interpreted as meaning that counsel "would have requested it" if he thought it fit with his strategy and overall theory of the case. Counsel indicated that he was definitely pursuing an "all or nothing" defense and that if the jury believed his theory, "they would turn him loose." [R. 22 at 10:32:00]. He stated that the broader theory was that Mills was not the killer and that he actually felt threatened by his co-defendant during the murder. [*Id.* at 10:25:28].

Thus, counsel was attempting to paint a picture that Mills was not involved in the actual killing in any way, but was rather a victim of sorts himself. Asking for a jury instruction that allowed the jury to find that Mills was actually a less culpable killer would undermine this theory; counsel's statement that he "would have requested it" can then be more appropriately interpreted as a statement that "he would have requested it" had it made sense to given the theory. This reasoning was employed by the circuit court when it found that counsel deemed the instruction inappropriate "based on Mills' contention that he did not murder the victim [so] there was no evidence or reason to request the lesser offense in jury instructions." [R. 8-4 at 20]. This exact argument was also considered by the Kentucky Court of Appeals before it concluded that, "Mills has not provided any evidence to persuade us that failure to request the lesser included instruction was anything but trial strategy." *Mills v. Commonwealth*, 2007 WL 2069819, *2 (Ky.App. 2007). Because the Court cannot conclude that the state courts' reasoning and

application was contradictory to that of all "fairminded jurists," *see Harrington*, 131 S.Ct. at 786, the Court must overrule the objection.

Mills' second and third objections must also be overruled. Judge Wier aptly characterized the argument constituting the second objection as "a passing and undeveloped reference to . . . *Strickland's* consultation duty." [R. 23 at 13]. *Strickland* imposes a "duty to consult with the defendant on important decisions." 466 U.S. at 688. These important decisions include the decision "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Further, the obligation to consult "does not require counsel to obtain the defendant's consent to 'every tactical decision.'" *Id.* (citing *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988)).

Mills argues that the decision to seek or not seek a certain jury instruction is one of those "important decisions" and trial counsel's admitted failure [*See* R. 22 at 10:30:39] to consult with Mills constitutes deficient performance. The Court disagrees. Mills has cited no compelling authority to support his position, instead relying on dicta in a Supreme Court opinion addressing the ethical duties of lawyers to consult with their clients. This argument is unavailing. The Court will not proffer an opinion as to whether trial counsel complied with his ethical duties, but it will note that ethical duties are not the same as Constitutional requirements. Thus, given the lack of authority to support the argument that consultation on jury instructions is required, the Court will overrule the objection on the grounds that it is not a "decision[] regarding the exercise or waiver of [a] basic trial right." *Nixon*, 543 U.S. at 187.

Mills' final objection is to the Magistrate's conclusion that the district court should not issue a certificate of appealability. Because the Court reviewed the constitutional claims and rejected them on the merits, a certificate should be issued only if Mills has "demonstrate[d] that

5

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mills does nothing to argue how this standard has been met other than to quote the standard and state that it has been met. [*See* R. 24 at 5]. The Court is not convinced. As the Court reviewed above, the state courts of Kentucky applied the *Strickland* test properly. The Court agrees with Judge Wier who concluded that "the grounds for relief offered by Mills do not present a close constitutional issue meriting a Certificate." [R. 23 at 15]. Therefore, a reasonable jurist would not find the Court's determination debatable and it is not appropriate to issue a certificate of appealability.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 24] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [R. 23] is **ADOPTED** as and for the opinion of this Court;

3. The Petitioner's Petition [R. 1] is **DISMISSED WITH PREJUDICE**;

4. The Petitioner's request for a Certificate of Appealability is **DENIED**;

5. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 30th of March, 2012.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**